1

**FOLEY & LARDNER LLP**
402 W. BROADWAY, SUITE 2100
2  SAN DIEGO, CA 92101-3542
TELEPHONE:   619.234.6655
FACSIMILE:    619.234.3510
3

MICHAEL P. MCCLOSKEY CA BAR NO. 106051
4      MMCCLOSKEY@FOLEY.COM
DAVID J. AVENI CA BAR NO. 251197
5      DAVENI@FOLEY.COM

ATTORNEYS FOR DEFENDANT AMERIGAS PARTNERS, L.P.

6

7

8                **UNITED STATES DISTRICT COURT**

9              **SOUTHERN DISTRICT OF CALIFORNIA**

10

11  TIMOTHY DEEHAN, ON BEHALF OF              ) CASE NO: **'08 CV 1009 BTM JMA**
    HIMSELF AND OTHERS SIMILARLY SITUATED )
12                                           )  **NOTICE OF REMOVAL**
               PLAINTIFF,                    )
13                                           )
         VS.                                 )
14                                           )
    AMERIGAS PARTNERS, L.P., A               )
15  DELAWARE LIMITED PARTNERSHIP, DBA        )
    AMERIGAS; AND DOES 1 THROUGH 50,         )
16  INCLUSIVE                                )
                                             )
17             DEFENDANTS.                   )

18

19

20      PLEASE TAKE NOTICE that defendant AmeriGas Partners, L.P. ("AmeriGas")

hereby removes this action from the Superior Court of the State of California, County of

21  San Diego to the United States District Court for the Southern District of California,

22  pursuant to 28 U.S.C. §§ 1332, 1441, 1446, all as amended by the Class Action Fairness

23  Act of 2005, Pub. L. No. 109-2, 118 Stat. 4 ("CAFA").  The grounds for removal are as

24  follows:

25      1.    On April 30, 2008, plaintiff Timothy Deehan, filed a complaint (the

26  "Complaint") in the Superior Court of the State of California for the County of San Diego

27  (Case No. 37-2008-00083132-CU-BC-CTL), against AmeriGas Partners, L.P., and Does

28

SDCA_1175508.1

1 through 50, inclusive.  The Complaint was served on AmeriGas, along with a

summons, on May 7, 2008.  A true and correct copy of this summons and the Complaint

served on AmeriGas is attached hereto as Exhibit 1.  No other pleadings have been filed

in the state court action.

      2.    Removal of this action is authorized by 28 U.S.C. § 1441 and the Class

Action Fairness Act of 2005, Pub. L. No. 109-2, 118 Stat. 4.

      3.    The Complaint was filed on behalf of plaintiff Deehan and a putative

"statewide class consisting of all persons in California who have within the past four

years contracted with AmeriGas for the purchase of propane and which purchase required

the monthly or some other periodic reading of a meter or similar device" ("the proposed

class").  (Compl. ¶ 17.)

      4.    The Complaint alleges claims for breach of contract, fraud, negligent

misrepresentation, violation of California's Public Utilities Code § 451, and violation of

California's unfair competition law, Business and Professions Code § 17200, *et seq.*

      5.    The Complaint alleges that AmeriGas "failed to read and/or accurately read

the meters and/or similar devices relating to propane to be furnished to Plaintiff" and the

proposed class resulting in inaccurate billings and overcharging to Plaintiff and the

proposed class.  (Compl. ¶ 1.)

      6.    The Complaint seeks recovery on behalf of plaintiff Deehan and the entire

proposed class for disgorgement, general damages, exemplary and punitive damages,

civil penalties under California's Public Utilities Code § 2107, attorneys' fees, and

litigation costs.  (Compl. pp. 11-12.)  Plaintiff also seeks an affirmative injunction.

(Compl. p. 11.)

      7.    Requests for awards of exemplary or punitive damages and claims for

attorney's fees, if authorized by statute, are to be considered when determining whether

the amount-in-controversy requirement for diversity jurisdiction is satisfied.  *See, e.g.,*

*Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001) (punitive damages are to be

considered in determining the amount in controversy); *Galt G/S v. JSS Scandinavia*, 142

1  F.3d 1150, 1156 (9th Cir. 1998) (where statute authorizes award of attorney's fees, they

2  are to be considered in calculating the amount in controversy).  CAFA expressly states

3  that in considering the amount-in-controversy requirement in a class action, the requested

4  relief of the class is to be aggregated to determine if the $5 million threshold is met.  *See*

5  28 U.S.C. § 1332(d)(6).

6       8.    Based on the allegations in the Complaint, the proposed class includes at

7  least 14,000 customers who contracted with AmeriGas.  *See* Declaration of Daniel

8  Binning ("Binning Decl."), ¶ 3, filed concurrently with this Notice of Removal.  The

9  amount in controversy exceeds the sum or value of five million dollars, exclusive of

10 interest and costs, based on the number of customers, the proposed time period, the

11 alleged overcharges, and requested relief for the class, including, but not limited to, the

12 requests for exemplary and punitive damages and attorney's fees.

13      9.    AmeriGas is informed and plaintiff has alleged that plaintiff is, and was at

14 the time of filing of the Complaint, a resident of California.  (Compl. ¶ 5.)

15      10.   Defendant AmeriGas is a limited partnership organized and existing under

16 the State of Delaware and with its principal place of business in Valley Forge,

17 Pennsylvania. (Binning Decl., ¶ 2.)  As such, it is considered a citizen of Delaware and

18 Pennsylvania for purposes of removal of this class action.  *See* 28 U.S.C. § 1332(d)(10);

19 *see also Abrego Abrego v. Dow Chem. Co.*, 443 F.3d 676, 684 (9th Cir. 2006) (noting

20 that, under CAFA, "an unincorporated association [is] . . . deemed to be a citizen of the

21 State where it has its principal place of business and the State under whose laws it is

22 organized," which departs from the rule that frequently destroys diversity jurisdiction,

23 that "a limited partnership's [or unincorporated association's] citizenship for diversity

24 purposes can be determined only by reference to all of the entity's members" (alterations

25 in original, citations omitted)).

26      11.   There are no primary or significant defendants, as those terms are used in

27 CAFA, that are citizens of California.

28      12.   Based upon the allegations of the Complaint, this is a civil action over

SDCA_1175508.1

1  which this Court has original jurisdiction pursuant to 28 U.S.C. § 1332, and is one which

2  may be removed to this Court pursuant to the provisions of 28 U.S.C. § 1441(a), as

3  amended by CAFA.  In particular, the defendant is of diverse citizenship from plaintiff,

4  and the primary defendant is not a citizen of California.

5       13.    This Notice of Removal is timely filed as it is filed within thirty days after

6  AmeriGas was served with a copy of the summons and Complaint upon which this

7  removal is based.  *See* 28 U.S.C. § 1446(b).

8       14.    Wherefore, AmeriGas prays that the above action now pending in Superior

9  Court of the State of California, County of San Diego, be removed to this Court.

10       15.    AmeriGas is filing on this same date (June 5, 2008) a written notice of this

11  removal with the Clerk of the State Court in which the action is currently pending

12  pursuant to 28 U.S.C. § 1446(d).  Copies of the Notice to Adverse Party of Removal,

13  together with this Notice of Removal, are being served on plaintiff's counsel pursuant to

14  28 U.S.C. § 1446(d).

15       16.    This Notice of Removal is filed subject to and with full reservation of

16  rights.  No admission of fact, law or liability is intended by this Notice of Removal, and

17  all defenses, motions and pleas are expressly reserved.

18

19  DATE: JUNE 5, 2008                    FOLEY & LARDNER LLP
                                          MICHAEL P. MCCLOSKEY
20                                        DAVID J. AVENI

21

22

23                                   By: _____
                                          MICHAEL P. MCCLOSKEY
24                                        ATTORNEYS FOR DEFENDANT AMERIGAS
                                          PARTNERS, L.P.
25

26

27

28

4

NOTICE OF REMOVAL

SDCA_1175508.1

**PROOF OF SERVICE**

   I am employed in the **County of San Diego, State of California**. I am over the age of 18 and not a party to this action; my current business address is **402 W. Broadway, Suite 2100, San Diego, CA 92101-3542.**

   On June 5, 2008, I served the foregoing document(s) described as: **Notice of Removal** on the interested parties in this action as follows:

__X__    BY THE FOLLOWING MEANS:
   I placed a true copy thereof enclosed in sealed envelope(s) addressed as follows:

| | |
|---|---|
| Harry W. Harrison | James M. Lindsay |
| Harrison Patterson & O'Connor LLP | Lindsay & Stonebarger |
| 402 W. Broadway, 29th Floor | 620 Coolidge Drive, Ste. 225 |
| San Diego, CA 92101 | Folsom, CA 95630 |
| (619) 756-6991 | (916) 294-0012 |

__X__    BY MAIL
   ___    I placed the envelope(s) with postage thereon fully prepaid in the United States mail, at **San Diego, California**.

   __X__    I am readily familiar with the firm's practice of collection and processing correspondence for mailing with the United States Postal Service; the firm deposits the collected correspondence with the United States Postal Service that same day, in the ordinary course of business, with postage thereon fully prepaid, at **San Diego, California**. I placed the envelope(s) for collection and mailing on the above date following ordinary business practices.

X    Executed on June 5, 2008, at **San Diego, California**.

__X__    I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

*Maggie Shoecraft*
Maggie Shoecraft

SDCA_1175508.1

**EXHIBIT 1**

# SUMMONS
## (CITACION JUDICIAL)

**SUM-100**

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

AMERIGAS PARTNERS, L.P., a Delaware limited partnership, dba
AMERIGAS; and DOES 1 through 50, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
TIMOTHY DEEHAN, on behalf of himself and all others similarly situated

| FOR COURT USE ONLY |
| --- |
| *(SOLO PARA USO DE LA CORTE)* |
| 2008 MAY -1 PM 12: 59 |
| DIEGO COUNTY, CA |

You have **30 CALENDAR DAYS** after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.
There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted puede usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.
Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California,
(www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* | CASE NUMBER:<br>*(Número del Caso)*<br>37-2008-00083132-CU-BC-CTL |
| --- | --- |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO
☒ HALL OF JUSTICE, 330 W. BROADWAY, SAN DIEGO, CA 92101-3827
☐ NORTH COUNTY DIVISION, 325 S. MELROSE DR., VISTA , CA 92081-6643
☐ EAST COUNTY DIVISION, 250 E. MAIN ST., EL CAJON, CA 92020-3941
☐ RAMONA BRANCH 1428 MONTECITO RD., RAMONA CA 92065-5200
☐ SOUTH COUNTY DIVISION, 500 3RD AVE., CHULA VISTA, CA 91910-5649
☐ JUVENILE COURT, 2851 MEADOW LARK DR., SAN DIEGO, CA 92123-2792

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Harry W. Harrison / James R. Patterson
**HARRISON PATTERSON & O'CONNOR LLP**
402 West Broadway, 29TH Floor
San Diego, CA 92101

Tel: 619-756-6990

| DATE:<br>*(Fecha)*<br>MAY 0 1 2008 | Clerk, by<br>*(Secretario)* | CLERK OF THE SUPERIOR COURT<br>SANDRA VILLANUEVA | , Deputy<br>*(Adjunto)* |
| --- | --- | --- | --- |

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☐ on behalf of *(specify):*

   under ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
         ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
         ☐ CCP 416.40 (association or partnership) ☐ CCP 416 90 (individual)
         ☐ other *(specify):*

4. ☐ by personal delivery on *(date):*

[SEAL]

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 (Rev. January 1, 2004)
SDSC CIV-219(Rev. 1-04)

**SUMMONS**

Code of Civil Procedure §§ 412.20, 485
American LegalNet, Inc.
www.USCourtForms.com

1  Harry W. Harrison, State Bar No. 211141
   James R. Patterson, State Bar No. 211102
2  Cary A. Kinkead, State Bar No. 216545
   HARRISON PATTERSON & O'CONNOR LLP
3  402 West Broadway, 29th Floor
   San Diego, CA 92101
4  Telephone: (619) 756-6990
   Facsimile: (619) 756-6991

5

6  James M. Lindsay, State Bar No. 164758
   Gene J. Stonebarger, State Bar No. 209461
7  LINDSAY & STONEBARGER
   A Professional Corporation
8  620 Coolidge Drive, Suite 225
   Folsom, CA 95630
9  Telephone: (916) 294-0002
   Facsimile: (916) 294-0012

10 Attorneys for Plaintiff and the Class

11

12              **SUPERIOR COURT OF CALIFORNIA**

13                **COUNTY OF SAN DIEGO**

14 TIMOTHY DEEHAN, on behalf of himself and )    CASE NO.: 37-2008-00083132-CU-BC-CTL
   all others similarly situated,            )
15                                           )    **CLASS ACTION**
                              Plaintiff,     )
16                                           )    **COMPLAINT FOR: BREACH OF**
                   vs.                       )    **CONTRACT; FRAUD; NEGLIGENT**
17                                           )    **MISREPRESENTATION;**
   AMERIGAS PARTNERS, L.P., a Delaware       )    **VIOLATIONS OF CAL. PUB. UTIL.**
18 limited partnership, dba AMERIGAS; and    )    **CODE § 451; AND VIOLATIONS OF**
   DOES 1 through 50, inclusive,             )    **CAL. BUS. & PROF. CODE § 17200, ET**
19                                           )    **SEQ.**
                              Defendants.    )
20                                           )    **[DEMAND FOR JURY TRIAL]**
                                             )
21 ────────────────────────────────────────

22         Plaintiff, on behalf of himself, and all others similarly situated, alleges, upon personal

23 knowledge as to himself and his acts, and as to all other matters upon information and belief, as

24 follows:

25 ///

26 ///

27 ///

28 ///

-1-

HARRISON PATTERSON & O'CONNOR LLP
402 West Broadway
29TH Floor
San Diego, CA 92101

HARRISON PATTERSON & O'CONNOR LLP
402 West Broadway
29TH Floor
San Diego, CA 92101

## I.    NATURE OF THE ACTION

1.    This is a class action brought on behalf of California consumers.  Defendant AmeriGas Partners, L.P. (referred to herein as "AmeriGas" or "Defendant") has engaged in conduct violative of the laws set forth herein by failing to read and/or accurately read the meters and/or similar devices relating to propane to be furnished to Plaintiff and the Class, which has resulted in inaccurate billings and overcharging to Plaintiff and the Class.  By its actions, AmeriGas misrepresented the fact that it reads the meters and related devices and, based thereon, sent its customers inaccurate and in many cases inflated bills not commensurate with their actual propane usage.  By its actions, AmeriGas has reaped unearned financial gains, all to the detriment of Plaintiff and the Class.  AmeriGas' conduct is in breach of the agreements it has with Plaintiff and members of the Class and further subjects it to liability in tort and pursuant to applicable statutes as alleged herein.

## II.    JURISDICTION AND VENUE

2.    Plaintiff is an individual who at all times herein mentioned resides, and continues to reside, in the State of California, County of San Diego.  Plaintiff seeks relief in his individual capacity and on behalf of others similarly situated.  Plaintiff seeks to represent a class consisting of all other California consumers who have been AmeriGas customers within four years of the date of the commencement of this class action.

3.    Plaintiff is informed and believes that Defendant's principal place of business is in California.  AmeriGas is the nation's largest propane company and supplies propane to more than 1.3 million customers in all 50 states.  AmeriGas engaged in the conduct that gives rise to this class action in San Diego County and throughout California.

4.    The amount in controversy exceeds the jurisdictional minimum of this Court.

## III.    THE PARTIES

5.    Plaintiff Timothy Deehan (herein referred to as "Plaintiff") is a resident of San Diego County, California.

6.    Plaintiff brings this class action against AmeriGas, pursuant to California Code of Civil Procedure section 382, on behalf of himself and all persons in California who have within

-2-
CLASS ACTION COMPLAINT

1   the past four years contracted with AmeriGas for the purchase of propane and which purchases

2   required the monthly or periodic reading of a meter or similar device (herein referred to as the

3   "Class"). Excluded from the Class are Defendant, its corporate parents, subsidiaries and

4   affiliates, officers and directors, any entity in which Defendant has a controlling interest, and the

5   legal representatives, successors or assigns of any such excluded persons or entities.

6          7.   Defendant AmeriGas Partners, L.P. is a Delaware limited partnership, and

7   operates under the name AmeriGas throughout the United States, including the County of San

8   Diego, California.

9          8.   Plaintiff is ignorant of the true names of Defendants sued as DOES 1 through 50,

10  inclusive, and the nature of their wrongful conduct, and therefore sues these DOE Defendants by

11  such fictitious names. Plaintiff will seek leave of the Court to amend this complaint to allege

12  their true names and capacities when ascertained.

13         9.   Plaintiff alleges on information and belief that at all relevant times, DOES 1-50,

14  inclusive, were agents, servants, employees, representatives, partners, and related or affiliated

15  entities of defendant, and in doing the things hereinafter mentioned, were acting in the course

16  and scope of their agency, employment, or retention with the permission, consent, authority and

17  ratification of defendant.

18       10.   All Defendants, and each of them, aided and abetted, encouraged and rendered

19  substantial assistance to the other Defendants in breaching their obligations to Plaintiff and the

20  Class, as alleged herein. In taking action, as particularized herein, to aid and abet and

21  substantially assist the commissions of these wrongful acts and other wrongdoings complained

22  of, each of the Defendants acted with an awareness of the primary wrongdoing and realized that

23  its conduct would substantially assist the accomplishment of the wrongful conduct, wrongful

24  goals and wrongdoing.

25  **IV.   FACTUAL BACKGROUND**

26       11.   During the past four years, Plaintiff has received propane pursuant to an

27  agreement with Defendant. Specifically, Defendant agreed to provide propane to Plaintiff and

28  Plaintiff agreed to pay for such propane per cubic foot.

HARRISON PATTERSON & O'CONNOR LLP
402 West Broadway
29TH Floor
San Diego, CA 92101

-3-

CLASS ACTION COMPLAINT

12.    On a regular basis, typically monthly, Defendant was to read a meter located at Plaintiff's home and, based upon the measured usage, provide Plaintiff with an invoice for payment. Plaintiff then made payment for the invoiced amount.

13.    The invoices prepared by Defendant and sent to Plaintiff provided, among other things, the dates and quantities of propane in the tank on Plaintiff's property, as well as the dates of the "Beginning reading" and "Ending reading." From this information, Defendant generated its usage charges and ultimately the payment due on any particular invoice.

14.    In October 2007, Plaintiff's home was destroyed by the San Diego wildfires. Included in the destruction was the AmeriGas propane meter and other equipment located at Plaintiff's property. From that point forward and to date, Plaintiff's home has yet to be reconstructed and, perhaps needless to say, no propane is being used on the property.

15.    Notwithstanding the total loss of Plaintiff's home, Plaintiff continued to receive invoices from Defendant, which invoices remarkably included beginning and ending readings reflecting purported propane usage.

16.    The circumstance surrounding the loss of Plaintiff's home is not in and of itself the focus of this Action, but it instead reveals that Defendant does not read meters or similar devices to generate its invoices and, by doing so, has and continues to misrepresent the fact that it actually takes "Beginning" and "Ending" readings on a periodic basis to measure its customers' actual propane usage and to generate its invoices. Additionally, Defendant tortuously and in violation of the terms of its agreement with Plaintiff, failed to accurately charge Plaintiff for his actual propane usage. Finally, Defendant has concealed its actual conduct with respect to the reading of the meter or similar devices and further concealed the fact that it does not actually read them and thus failed and continues to fail to charge for actual propane usage.

## V.    PLAINTIFF'S CLASS ACTION ALLEGATIONS

17.    This lawsuit is brought on behalf of an ascertainable statewide class consisting of all persons in California who have within the past four years contracted with AmeriGas for the purchase of propane and which purchase required the monthly or some other periodic reading of a meter or similar device (herein referred to as the "Class"). Excluded from the Class are

HARRISON PATTERSON & O'CONNOR LLP
402 West Broadway
29TH Floor
San Diego, CA 92101

HARRISON PATTERSON & O'CONNOR LLP
402 West Broadway
29TH Floor
San Diego, CA 92101

1    Defendant, its corporate parents, subsidiaries and affiliates, officers and directors, any entity in

2    which Defendant has a controlling interest, and the legal representatives, successors or assigns of

3    any such excluded persons or entities.

4          18.    The members of the Class are so numerous that joinder of all members is

5    impracticable. While the exact number of Class members is unknown to Plaintiff at this time,

6    such information can be ascertained through appropriate discovery from records maintained by

7    Defendant and its agents.

8          19.    A class action is superior to other available methods for the fair and efficient

9    adjudication of this controversy because joinder of all members is impracticable, the likelihood

10   of individual Class members prosecuting separate claims is remote and individual Class

11   members do not have a significant interest in individually controlling the prosecution of separate

12   actions. Relief concerning Plaintiff's rights under the laws alleged herein and with respect to the

13   Class as a whole would be appropriate. Plaintiff knows of no difficulty to be encountered in the

14   management of this action which would preclude its maintenance as a class action.

15         20.    There is a well-defined community of interest among the members of the Class

16   because common questions of law and fact predominate, Plaintiff's claims are typical of the

17   members of the Class, and Plaintiff can fairly and adequately represent the interests of the Class.

18         21.    Common questions of law and fact exist as to all members of the Class and

19   predominate over any questions affecting solely individual members of the Class. Among the

20   questions of law and fact common to the Class are:

21              a.    whether each Class member received invoices representing the fact that

22   Defendant read and/or accurately read their propane meters to determine usage and, in turn,

23   charges for said usage;

24              b.    whether Defendant's conduct of failing to read its customers meters to

25   determine their propane usage, despite its representations via invoicing and other materials to the

26   contrary, was in violation of its agreements with the Class;

27              c.    whether Defendant engaged in unfair, deceptive and/or unlawful practices

28   that violated California Business & Professions Code section 17200;

-5-

CLASS ACTION COMPLAINT

HARRISON PATTERSON & O'CONNOR LLP
402 West Broadway
29TH Floor
San Diego, CA 92101

1            d.      whether Defendant engaged in conduct violative of California Public

2 Utilities Code sections 451;

3            e.      whether Defendant breached its contractual obligations;

4            f.      whether Defendant made intentional or negligent misrepresentations;

5            g.      whether Plaintiff and the Class are entitled to injunctive relief; and

6            h.      whether Plaintiff and the Class have sustained damages and, if so, the proper

7 measure of those damages.

8        22.     Plaintiff's claims are typical of those of the other Class members because

9 Plaintiff, like every other Class member, was exposed to virtually identical conduct.

10        23.     Plaintiff can fairly and adequately represent the interests of the Class, he has no

11 conflicts of interest with other Class members, and has retained counsel competent and

12 experienced in class action and civil litigation.

### FIRST CAUSE OF ACTION
#### (For Breach of Contract)

15        24.     Plaintiff refers to and incorporates by reference as though set forth fully herein

16 paragraphs 1 through 23 of this Complaint.

17        25.     Defendant entered into contracts with Plaintiff and the Class whereby Plaintiff

18 and the Class agreed to purchase propane from Defendant. Defendant agreed to provide the

19 propane and charge Plaintiff and the Class based upon their usage as determined via the reading

20 of meters or similar devices.

21        26.     Defendant had ongoing material obligations under these contracts to ensure that

22 Plaintiff and the Class pay for their actual use of propane as determined via periodic readings of

23 meters or similar devices. Defendant had further material obligations to accurately provide

24 Plaintiff and members of the Class with accurate invoices reflective of their actual usage.

25        27.     Defendant breached its contractual obligations by: (1) failing to charge Plaintiff

26 and the Class for their actual propane usage; (2) failing to read the meters or similar devices to

27 determine the actual propane usage of Plaintiff and the Class; and (3) failing to provide Plaintiff

28 and the Class with invoices accurately reflecting their propane usage.

HARRISON PATTERSON & O'CONNOR LLP
402 West Broadway
29TH Floor
San Diego, CA 92101

28.    Plaintiff and the members of the Class have fully performed their obligations under the pertinent agreements.

29.    Plaintiff and the members of the Class were damaged because of the breach in an amount to be proven at trial.

## SECOND CAUSE OF ACTION
### (For Fraud)

30.    Plaintiff refers to and incorporates by reference as though set forth fully herein paragraphs 1 through 29 of this Complaint.

31.    In engaging in the conduct set forth herein, Defendant represented to Plaintiff and the Class via invoices and other materials it generated that it was reading meters or similar devices to accurately charge for propane usage as per the terms of their agreements. Additionally, Defendant concealed the fact that it does not in fact read meters or similar devices, which in turn has resulted in inaccurate and disproportionate charges for propane usage. Such charges have been paid by Plaintiff and the Class.

32.    Defendant's representations were false, and their omissions were material.

33.    When Defendants made the representations and omissions set forth above they knew them to be false and material and made them with the intent to deceive and defraud Plaintiff and the Class and to induce them to rely on those representations and omissions, or with the expectation that they would act in reliance thereon.

34.    At the time of the representations and omissions by Defendant, Plaintiff and the Class were ignorant of the falsity of the representations and were ignorant of the omitted and/or concealed facts. In reliance on these representations and without the benefit of the material omissions, Plaintiff and the Class paid for and continue to pay for propane purchased from Defendant based upon the erroneous invoices they are provided. Had Plaintiff and the Class known the actual facts, they would not have taken such action.

35.    Reliance on Defendant's representations and omissions was justified because Plaintiff and the Class had no reason to believe that they were not being charged for their actual propane usage or that Defendant was not reading the meters or similar devices as indicated on

-7-
CLASS ACTION COMPLAINT

1  their invoices and other documents generated by Defendant.

2      36.    Plaintiff and the Class have been damaged by Defendant's fraud in an amount to

3  be proven at trial.

4      37.    Plaintiff and the Class are further informed and believe that Defendant's conduct

5  as alleged herein was motivated by malice, fraud, and oppression, and was done in conscious

6  disregard of Plaintiff's rights.  Punitive damages should be assessed against Defendant,

7  according to law, and in an amount that would punish and deter such further conduct, pursuant to

8  California Civil Code Section 3294.

9                        **THIRD CAUSE OF ACTION**
                        **(For Negligent Misrepresentations)**
10

11      38.    Plaintiff refers to and incorporates by reference as though set forth fully herein

12  paragraphs 1 through 37 of this Complaint.

13      39.    In engaging in the conduct set forth herein, Defendant represented to Plaintiff and

14  the Class via invoices and other materials it generated that it was reading meters or similar

15  devices to accurately charge for propane usage as per the terms of their agreements.

16  Additionally, Defendant concealed the fact that it does not in fact read meters or similar devices,

17  which in turn has resulted in inaccurate and disproportionate charges for propane usage.  Such

18  charges have been paid by Plaintiff and the Class.

19      40.    Defendant's representations were false, and their omissions were material.

20      41.    Defendant had no reasonable grounds for believing the representations set forth

21  above to be true, and no reasonable grounds for not being aware of its material omissions.

22      42.    At the time of the representations and omissions by Defendant, Plaintiff and the

23  Class were ignorant of the falsity of the representations and were ignorant of the omitted and/or

24  concealed facts.  In reliance on these representations and without the benefit of the material

25  omissions, Plaintiff and the Class paid for and continue to pay for propane purchased from

26  Defendant based upon the erroneous invoices they are provided.  Had Plaintiff and the Class

27  known the actual facts, they would not have taken such action.

28  ///

HARRISON PATTERSON & O'CONNOR LLP
402 West Broadway
29TH Floor
San Diego, CA 92101

-8-

CLASS ACTION COMPLAINT

HARRISON PATTERSON & O'CONNOR LLP
402 West Broadway
29TH Floor
San Diego, CA 92101

43.     Reliance on Defendant's representations and omissions was justified because Plaintiff and the Class had no reason to believe that they were not being charged for their actual propane usage or that Defendant was not reading the meters or similar devices as indicated on their invoices and other documents generated by Defendant.

44.     Plaintiff and the Class have been damaged by Defendant's negligent misrepresentations in an amount to be proven at trial.

## FOURTH CAUSE OF ACTION
### (For Violations of California Public Utilities Code § 451)

45.     Plaintiff refers to and incorporates by reference as though set forth fully herein paragraphs 1 through 44 of this Complaint.

46.     Defendant is a "Public Utility" as defined by section 216 of the California Public Utilities Code. Section 451 of the California Public Utilities Code provides in relevant part that all charges demanded or received by any public utility for any product or commodity furnished or to be furnished shall be just and reasonable, and that every unjust or unreasonable charge demanded or received for such product or commodity is unlawful.

47.     Defendant demanded and/or received charges from Plaintiff and the Class which were unjust and unlawful in that said charges were not based upon the actual propane usage by Plaintiff and members of the Class, respectively. In engaging in the conduct set forth herein, Defendant acted in violation of California Public Utilities Code section 451, which precludes a public utility from engaging in such unlawful conduct. Defendant thus has and continues to violate California Public Utilities Code section 451.

48.     California Public Utilities Code section 2106 provides Plaintiff and the Class the ability to pursue claims for all losses, damages or injuries caused by the unlawful conduct alleged herein, including Defendant's misrepresentations regarding its reading of meters or similar devices and, in turn, its inaccurate charging and overcharging of Plaintiff and the Class.

49.     As a proximate result of Defendant's unlawful conduct in violation of California Public Utilities Code section 451, Plaintiff and the Class have been damaged in an amount to be proven at the time or trial. Additionally, Plaintiff and the Class seek the imposition of civil

-9-

CLASS ACTION COMPLAINT

HARRISON PATTERSON & O'CONNOR LLP
402 West Broadway
29TH Floor
San Diego, CA 92101

1    penalties against Defendant pursuant to California Public Utilities Code section 2107.

2        50.    Plaintiff and the Class are further informed and believe that Defendant's conduct

3    as alleged herein was motivated by malice, fraud, and oppression, and was done in conscious

4    disregard of Plaintiff's rights.  Punitive damages should be assessed against Defendant,

5    according to law, and in an amount that would punish and deter such further conduct, pursuant to

6    California Public Utilities Code section 2106.

7    **FIFTH CAUSE OF ACTION**
**(For Violations of California Business & Professions Code § 17200, et seq.)**

8

9        51.    Plaintiff refers to and incorporates by reference as though set forth fully herein

10    paragraphs 1 through 50 of this Complaint.

11        52.    The Unfair Practices Act defines unfair competition to include any unfair,

12    unlawful or fraudulent business act or practice.  Unlawful business acts are those which are in

13    violation of federal, state, county, or municipal statutes or codes, as well as federal and state

14    regulations.

15        53.    The acts, practices, misrepresentations and omissions of Defendants as herein

16    alleged are unlawful and violate, among other things, California Public Utilities Code section

17    451 and amount to unfair competition as set forth in California Business and Professions Code

18    section 17200.  Plaintiff and the Class have suffered an injury in fact by, among other things,

19    paying propane charges disproportionate to their actual usage.

20        54.    The conduct of Defendant constitutes a fraudulent and unfair business practice

21    because Defendant's practice is likely to mislead Plaintiff, the Class, and members of the general

22    public.  Defendant does so by deceiving Plaintiff, the Class, and members of the general public

23    and leading them to believe, among other things, that they are being accurately charged for

24    propane usage by taking certain steps to ensure the same such as the periodic reading of meters

25    or similar devices which measure propane usage.

26        55.    Defendant's unlawful, unfair, and fraudulent business practices, as described

27    herein, present a continuing threat to Plaintiff, the Class, and members of the public in that

28    Defendant continues to wrongfully fail to account for its customers' actual propane usage.  In

-10-
CLASS ACTION COMPLAINT

1  addition, Defendant has been unjustly enriched as a result of its conduct. Plaintiff, the Class, and

2  other members of the general public seek equitable relief, since they have no other adequate

3  remedy at law since absent equitable relief from the Court, Defendant is likely to continue to

4  injure consumers, reap unjust enrichment, and harm the public interest, thus engendering a

5  multiplicity of judicial proceedings.

6       56.    Plaintiff and the Class request that this Court issue preliminary and permanent

7  injunctions against such acts and practices. Additionally, Plaintiff and the Class seek restitution

8  and recovery of attorneys' fees and litigation expenses pursuant to California Code of Civil

9  Procedure section 1021.5, the substantial benefit doctrine, the common fund doctrine or other

10  authority requiring Defendant to pay Plaintiff's attorneys' fees and litigation expenses.

11  **PRAYER FOR RELIEF**

12      Plaintiff and the Class pray for judgment against Defendant as follows:

13      1.    That the Court certifies this action as a class action;

14      2.    That the Court preliminarily and permanently enjoin Defendant from engaging in

15  the conduct alleged herein;

16      3.    That the Court disgorge any ill-gotten profits from Defendant;

17      4.    For an award to Plaintiff and to each member of the Class of civil penalties under

18  California Public Utilities Code section 2107;

19      5.    For distribution of any moneys recovered on behalf of the Class via fluid recovery

20  or *cy pres* recovery where necessary to prevent Defendant from retaining the benefits of its

21  wrongful conduct;

22      6.    For general damages according to proof;

23      7.    For special damages according to proof;

24      8.    For exemplary or punitive damages;

25      9.    For an award of attorneys' fees as authorized by statute including, but not limited

26  to, the provisions of California Code of Civil Procedure § 1021.5, and as authorized under the

27  "common fund" doctrine, and as authorized by the "substantial benefit" doctrine;

28      10.    For costs of the suit;

HARRISON PATTERSON & O'CONNOR LLP
402 West Broadway
29TH Floor
San Diego, CA 92101

-11-

CLASS ACTION COMPLAINT

11.   For prejudgment interest at the legal rate;

12.   And for such other relief as the Court may deem proper.

Dated: April 20, 2008                          HARRISON PATTERSON & O'CONNOR LLP

By: _____
        Harry W. Harrison
        Attorneys for Plaintiff and the Class

HARRISON PATTERSON & O'CONNOR LLP
402 West Broadway
29TH Floor
San Diego, CA 92101

-12-
CLASS ACTION COMPLAINT

**CM-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State number, and address):* | FOR COURT USE ONLY |
|---|---|
| Harry W. Harrison (SBN: 211141) James R. Patterson (SBN: 211102) HARRISON PATTERSON & O'CONNOR LLP 402 West Broadway, 29th Floor San Diego, CA 92101 | 2008 MAY -1 PH 12: 40 |

TELEPHONE NO.: 619-756-6990    FAX NO.: 619-756-6991

ATTORNEY FOR *(Name):* Plaintiff and the Class

SUPERIOR COURT OF CALIFORNIA, COUNTY OF **SAN DIEGO**

STREET ADDRESS: 330 West Broadway

MAILING ADDRESS:

CITY AND ZIP CODE: San Diego, CA 92101

BRANCH NAME: Central Division

CASE NAME: Timothy Deehan, et al. v. Amerigas, Inc., et al.

| **CIVIL CASE COVER SHEET** | | Complex Case Designation | | CASE NUMBER: 37-2008-00083132-CU-BC-CTL |
|---|---|---|---|---|
| ☒ Unlimited Amount demanded exceeds $25,000 | ☐ Limited (Amount) demanded is $25,000 or less) | ☐ Counter ☐ Joinder Filed with first appearance by defendant (Cal. Rules of Court, rule 1811) | | JUDGE: DEPT: |

*Items 1-5 below must be completed (see instructions on page 2).*

**1. Check one box below for the case type that best describes this case:**

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)

**Employment**
☐ Wrongful termination (36)
☐ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)

**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)

**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)

**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 1800-1812)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition *(not specified above)* (43)

2. This case ☐ is ☒ is not complex under rule 1800 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
  a. ☐ Large number of separately represented parties
  b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
  c. ☐ Substantial amount of documentary evidence
  d. ☐ Large number of witnesses
  e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
  f. ☐ Substantial postjudgment judicial supervision

3. Type of remedies sought *(check all that apply):*
  a. ☒ monetary  b. ☒ nonmonetary; declaratory or injunctive relief  c. ☒ punitive

4. Number of causes of action *(specify):* 7

5. This case ☒ is ☐ is not a class action suit.

6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: April 4, 2008

Harry W. Harrison
_____
(TYPE OR PRINT NAME)          (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 201.8.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 1800 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a complex case, this cover sheet will be used for statistical purposes only

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. January 1, 2006]

**CIVIL CASE COVER SHEET**

American Legal Net, Inc.
www.USCourtForms.com

Cal. Rules of Court, rules 201.8, 1800-1812;
Standards of Judicial Administration, § 19
www.courtinfo.ca.gov

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**
STREET ADDRESS:     330 West Broadway
MAILING ADDRESS:    330 West Broadway
CITY AND ZIP CODE:  San Diego, CA 92101
BRANCH NAME:        Central
TELEPHONE NUMBER:   (619) 685-6062

PLAINTIFF(S) / PETITIONER(S):     Timothy Deehan

DEFENDANT(S) / RESPONDENT(S):  Amerigas Partners LP

DEEHAN VS. AMERIGAS PARTNERS LP

| NOTICE OF CASE ASSIGNMENT | CASE NUMBER:<br>37-2008-00083132-CU-BC-CTL |
|---|---|

Judge: Yuri Hofmann                    Department: C-60

**COMPLAINT/PETITION FILED:** 05/01/2008

**CASES ASSIGNED TO THE PROBATE DIVISION ARE NOT REQUIRED TO COMPLY WITH THE CIVIL REQUIREMENTS LISTED BELOW**

IT IS THE DUTY OF EACH PLAINTIFF (AND CROSS-COMPLAINANT) TO SERVE A COPY OF THIS NOTICE WITH THE COMPLAINT (AND CROSS-COMPLAINT).

ALL COUNSEL WILL BE EXPECTED TO BE FAMILIAR WITH SUPERIOR COURT RULES WHICH HAVE BEEN PUBLISHED AS DIVISION II, AND WILL BE STRICTLY ENFORCED.

**TIME STANDARDS:** The following timeframes apply to general civil cases and must be adhered to unless you have requested and been granted an extension of time. General civil consists of all cases except: Small claims appeals, petitions, and unlawful detainers.

**COMPLAINTS:** Complaints must be served on all named defendants, and a CERTIFICATE OF SERVICE (SDSC CIV-345) filed within 60 days of filing. This is a mandatory document and may not be substituted by the filing of any other document.

**DEFENDANT'S APPEARANCE:** Defendant must generally appear within 30 days of service of the complaint. (Plaintiff may stipulate to no more than a 15 day extension which must be in writing and filed with the Court.)

**DEFAULT:** If the defendant has not generally appeared and no extension has been granted, the plaintiff must request default within 45 days of the filing of the Certificate of Service.

THE COURT ENCOURAGES YOU TO CONSIDER UTILIZING VARIOUS ALTERNATIVES TO LITIGATION, INCLUDING MEDIATION AND ARBITRATION, PRIOR TO THE CASE MANAGEMENT CONFERENCE. MEDIATION SERVICES ARE AVAILABLE UNDER THE DISPUTE RESOLUTION PROGRAMS ACT AND OTHER PROVIDERS. SEE ADR INFORMATION PACKET AND STIPULATION.

YOU MAY ALSO BE ORDERED TO PARTICIPATE IN ARBITRATION PURSUANT TO CCP 1141.10 AT THE CASE MANAGEMENT CONFERENCE. THE FEE FOR THESE SERVICES WILL BE PAID BY THE COURT IF ALL PARTIES HAVE APPEARED IN THE CASE AND THE COURT ORDERS THE CASE TO ARBITRATION PURSUANT TO CCP 1141.10. THE CASE MANAGEMENT CONFERENCE WILL BE CANCELLED IF YOU FILE FORM SDSC CIV-359 PRIOR TO THAT HEARING

UNITED STATES
DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
SAN DIEGO DIVISION

# 151663    — TC

June 05, 2008
15:25:54

Civ Fil Non-Pris
USAO #.: 08CV1009
Judge..: BARRY T MOSKOWITZ
Amount.:                    $350.00 CK
Check#.: BC7648

Total—>   $350.00

FROM: TIMOTHY DEEHAN V.
      AMERGAS PARTNERS, ET AL.

JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

FILED

**I. (a) PLAINTIFFS**

TIMOTHY DEEHAN, on behalf of himself and all others similarly situated

**DEFENDANTS**

AMERIGAS PARTNERS, L.P., a Delaware limited partnership, dba AMERIGAS and DOES 1 through 50, inclusive

08 JUN 5   PM 12: 22

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY _____ DEPUTY

**(b)** County of Residence of First Listed Plaintiff  San Diego
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)

NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Harry W. Harrison, State Bar No. 211141
HARRISON PATTERSON & O'CONNOR
402 W. Broadway, 29th Floor
San Diego, CA  92101
(619) 756-6990
(619) 756-6991

Attorneys (If Known)

Michael P. McCloskey, State Bar No. 106051
FOLEY & LARDNER LLP
402 W. Broadway, Ste. 2100
San Diego, CA  92101
(619) 234-6655
(619) 234-3510

**'08 CV 1009 BTM JMA**

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☑ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☑ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☑ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☑ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **HABEAS CORPUS:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | ☐ 871 IRS -Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |

**V. ORIGIN** (Place an "X" in One Box Only)

- ☐ 1 Original Proceeding
- ☑ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION**

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. 1332; 28 U.S.C. 1441

Brief description of cause:
Complaint alleges breach of contract, fraud, negligent misrepresentation and statutory violations

**VII. REQUESTED IN COMPLAINT:**

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ _____

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☐ Yes  ☑ No

**VIII. RELATED CASE(S) IF ANY**  (See instructions):

JUDGE _____   DOCKET NUMBER _____

DATE  June 5, 2008

SIGNATURE OF ATTORNEY OF RECORD
Michael P. McCloskey

FOR OFFICE USE ONLY

RECEIPT # 151663   AMOUNT $350   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

JAC 6/5/08

American LegalNet, Inc.   www.FormsWorkflow.com

CR

1

## PROOF OF SERVICE

2       I am employed in the **County of San Diego**, **State of California**. I am over the age of 18 and not a party to this action; my current business address is **402 W.**

3   **Broadway, Suite 2100, San Diego, CA 92101-3542.**

4       On June 5, 2008, I served the foregoing document(s) described as: **Civil Cover Sheet** on the interested parties in this action as follows:

5

X   BY THE FOLLOWING MEANS:

6       I placed a true copy thereof enclosed in sealed envelope(s) addressed as follows:

7   Harry W. Harrison                      James M. Lindsay
    Harrison Patterson & O'Connor LLP      Lindsay & Stonebarger

8   402 W. Broadway, 29th Floor            620 Coolidge Drive, Ste. 225
    San Diego, CA 92101                    Folsom, CA 95630

9   (619) 756-6991                         (916) 294-0012

10

11

X   BY MAIL

12       I placed the envelope(s) with postage thereon fully prepaid in the United States mail, at **San Diego, California**.

13

X       I am readily familiar with the firm's practice of collection and processing

14   correspondence for mailing with the United States Postal Service; the firm deposits the collected correspondence with the United States Postal

15   Service that same day, in the ordinary course of business, with postage thereon fully prepaid, at **San Diego, California**. I placed the envelope(s)

16   for collection and mailing on the above date following ordinary business practices.

17

18   X   Executed on June 5, 2008, at **San Diego, California**.

19

20   X       I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

21   *Maggie Shoecraft*

22   Maggie Shoecraft

23

24

25

26

27

28

3