**FOLEY & LARDNER LLP**
402 W. BROADWAY, SUITE 2100
SAN DIEGO, CA 92101-3542
TELEPHONE: 619.234.6655
FACSIMILE: 619.234.3510

MICHAEL P. MCCLOSKEY CA BAR NO. 106051
MMCCLOSKEY@FOLEY.COM
DAVID J. AVENI CA BAR NO. 251197
DAVENI@FOLEY.COM

ATTORNEYS FOR DEFENDANT AMERIGAS PARTNERS, L.P.

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

TIMOTHY DEEHAN, ON BEHALF OF HIMSELF AND OTHERS SIMILARLY SITUATED

PLAINTIFF,

VS.

AMERIGAS PARTNERS, L.P., A DELAWARE LIMITED PARTNERSHIP, DBA AMERIGAS; AND DOES 1 THROUGH 50, INCLUSIVE

DEFENDANTS.

CASE NO: 08 CV 1009 BTM (JMA)

**ANSWER OF DEFENDANT AMERIGAS PARTNERS, L.P.**

Defendants AmeriGas Partners, L.P. ("AmeriGas Partners") answers Plaintiff's Class Action Complaint (hereafter "Complaint") as follows:

## I. NATURE OF THE ACTION

1. Answering Paragraph 1, AmeriGas Partners denies each and every allegation contained therein. Moreover, AmeriGas Partners specifically denies that it is a proper party to the Complaint as it has no operational activities or responsibilities vis-à-vis retail consumers of propane in California or elsewhere in the United States. Rather, AmeriGas Propane, L.P., ("AmeriGas Propane") is the entity that engages in retail propane distribution activities in California and elsewhere in the United States.

AmeriGas Partners is the sole limited partner of AmeriGas Propane, L.P. and engages in no operational or managerial activities whatsoever relating to the propane distribution business conducted by AmeriGas Propane. Accordingly, throughout this Answer to the Complaint, responses are being made on behalf of the proper party, AmeriGas Propane, and not on behalf of AmeriGas Partners, which denies any and all allegations, averments or statements of any kind contained in the Complaint. Answering Paragraph 1, AmeriGas Propane denies each and every allegation contained therein.

## II. JURISDICTION AND VENUE

2. Answering Paragraph 2, AmeriGas Partners denies each and every allegation contained therein. (*See* Response to Paragraph 1 regarding AmeriGas Partners not being a proper party to the Complaint.) AmeriGas Propane does not have sufficient information either to admit or deny the allegations contained in Paragraph 2. To the extent that a response is required, AmeriGas Propane denies each and every allegation contained in Paragraph 2.

3. Answering Paragraph 3, AmeriGas Partners denies each and every allegation contained therein. (*See* Response to Paragraph 1 regarding AmeriGas Partners not being a proper party to the Complaint.) AmeriGas Propane admits that it is the largest (by volume) distributor of propane in the United States and that in 2007 it distributed propane to approximately 1.3 million customers cumulatively in those states in which it conducts business. Except to the extent expressly admitted, AmeriGas Propane denies any other allegations contained in Paragraph 3.

4. Answering Paragraph 4, AmeriGas Partners denies each and every allegation contained therein. (*See* Response to Paragraph 1 regarding AmeriGas Partners not being a proper party to the Complaint.) AmeriGas Propane responds that Paragraph 4 contains legal conclusion to which no response is required.

///

///

///

## III. THE PARTIES

5. Answering Paragraph 5, AmeriGas Partners denies each and every allegation contained therein. (*See* Response to Paragraph 1 regarding AmeriGas Partners not being a proper party to the Complaint.) AmeriGas Propane responds that it does not have sufficient information either to admit or deny the allegations contained in Paragraph 5. To the extent a response is required, AmeriGas Propane denies each and every allegation contained in Paragraph 5.

6. Answering Paragraph 6, AmeriGas Partners denies each and every allegation contained therein. (*See* Response to Paragraph 1 regarding AmeriGas Partners not being a proper party to the Complaint.) AmeriGas Propane responds that Paragraph 6 contains legal conclusions to which no response is required. To the extent that a response is required, AmeriGas Propane denies each and every allegation contained in Paragraph 6.

7. Answering Paragraph 7, AmeriGas Partners admits that it is a limited partnership organized under Delaware law. Except to the extent expressly admitted, AmeriGas Partners denies any other allegations in Paragraph 7. (*See* Response to Paragraph 1 regarding AmeriGas Partners not being a proper party to the Complaint.) AmeriGas Propane admits that it operates under the name AmeriGas throughout the United States, including the County of San Diego, California. Except to the extent expressly admitted, AmeriGas Propane denies any other allegations contained in Paragraph 7.

8. Answering Paragraph 8, AmeriGas Partners denies each and every allegation contained therein. (*See* Response to Paragraph 1 regarding AmeriGas Partners not being a proper party to the Complaint.) AmeriGas Propane responds that Paragraph 8 does not allege facts to which a response is required. To the extent a response is required, AmeriGas Propane denies each and every allegation contained in Paragraph 8.

9. Answering Paragraph 9, AmeriGas Partners denies each and every allegation contained therein. (*See* Response to Paragraph 1 regarding AmeriGas Partners

not being a proper party to the Complaint.) AmeriGas Propane does not have sufficient information either to admit or deny the allegations contained in Paragraph 9. To the extent a response is required, AmeriGas Propane denies each and every allegation contained in Paragraph 9.

10. Answering Paragraph 10, AmeriGas Partners denies each and every allegation contained therein. (*See* Response to Paragraph 1 regarding AmeriGas Partners not being a proper party to the Complaint.) AmeriGas Propane denies each and every allegation contained in Paragraph 10.

## IV. FACTUAL BACKGROUND

11. Answering Paragraph 11, AmeriGas Partners denies each and every allegation contained therein. (*See* Response to Paragraph 1 regarding AmeriGas Partners not being a proper party to the Complaint.) AmeriGas Propane admits that Plaintiff received propane from AmeriGas and was charged for such propane per cubic foot and that such propane was provided pursuant to an agreement. Except to the extent expressly admitted, AmeriGas Propane denies any other allegations contained in Paragraph 11.

12. Answering Paragraph 12, AmeriGas Partners denies each and every allegation contained therein. (*See* Response to Paragraph 1 regarding AmeriGas Partners not being a proper party to the Complaint.) AmeriGas Propane admits that on a regular basis it read the propane gas meter located at Plaintiff's home and based upon the measured usage, invoiced the Plaintiff, which invoice amount Plaintiff then ultimately paid. Except to the extent expressly admitted, AmeriGas Propane denies any other allegations contained in Paragraph 12.

13. Answering Paragraph 13, AmeriGas Partners denies each and every allegation contained therein. (*See* Response to Paragraph 1 regarding AmeriGas Partners not being a proper party to the Complaint.) AmeriGas Propane admits the allegations contained in Paragraph 13.

14. Answering Paragraph 14, AmeriGas Partners denies each and every allegation contained therein. (*See* Response to Paragraph 1 regarding AmeriGas Partners

not being a proper party to the Complaint.) AmeriGas Propane admits that there were wild fires in the San Diego area in 2007 and that AmeriGas Propane's propane meter and tank were destroyed in some fashion. AmeriGas Propane does not have sufficient information either to admit or deny the remaining allegations of Paragraph 14. To the extent a response is required, AmeriGas denies each and every allegation contained in Paragraph 14.

15. Answering Paragraph 15, AmeriGas Partners denies each and every allegation contained therein. (*See* Response to Paragraph 1 regarding AmeriGas Partners not being a proper party to the Complaint.) AmeriGas Propane admits that it continued to send Plaintiff invoices for estimated propane use while the area surrounding Plaintiff's home was inaccessible due to wild fires. Except to the extent expressly admitted, AmeriGas Propane denies any other allegations contained in Paragraph 15.

16. Answering Paragraph 16, AmeriGas Partners denies each and every allegation contained therein. (*See* Response to Paragraph 1 regarding AmeriGas Partners not being a proper party to the Complaint.) AmeriGas Propane denies each and every allegation contained in Paragraph 16.

## V. PLAINTIFF'S CLASS ACTION ALLEGATIONS

17. Answering Paragraph 17, AmeriGas Partners denies each and every allegation contained therein. (*See* Response to Paragraph 1 regarding AmeriGas Partners not being a proper party to the Complaint.) AmeriGas Propane responds that Paragraph 17 contains legal conclusions to which no response is required. To the extent that a response is required, AmeriGas Propane denies each and every allegation contained in Paragraph 17.

18. Answering Paragraph 18, AmeriGas Partners denies each and every allegation contained therein. (*See* Response to Paragraph 1 regarding AmeriGas Partners not being a proper party to the Complaint.) AmeriGas Propane responds that Paragraph 18 contains legal conclusions to which no response is required. To the extent that a response is required, AmeriGas Propane denies each and every allegation contained in

Paragraph 18.

19. Answering Paragraph 19, AmeriGas Partners denies each and every allegation contained therein. (*See* Response to Paragraph 1 regarding AmeriGas Partners not being a proper party to the Complaint.) AmeriGas Propane responds that Paragraph 19 contains legal conclusions to which no response is required. To the extent that a response is required, AmeriGas Propane denies each and every allegation contained in Paragraph 19.

20. Answering Paragraph 20, AmeriGas Partners denies each and every allegation contained therein. (*See* Response to Paragraph 1 regarding AmeriGas Partners not being a proper party to the Complaint.) AmeriGas Propane responds that Paragraph 20 contains legal conclusions to which no response is required. To the extent that a response is required, AmeriGas Propane denies each and every allegation contained in Paragraph 20.

21. Answering Paragraph 21, AmeriGas Partners denies each and every allegation contained therein. (*See* Response to Paragraph 1 regarding AmeriGas Partners not being a proper party to the Complaint.) AmeriGas Propane responds that Paragraph 21 contains legal conclusions to which no response is required. To the extent that a response is required, AmeriGas Propane denies each and every allegation contained in Paragraph 21.

a. Answering Paragraph 21a, AmeriGas Partners denies each and every allegation contained therein. (*See* Response to Paragraph 1 regarding AmeriGas Partners not being a proper party to the Complaint.) AmeriGas Propane responds that Paragraph 21a contains legal conclusions to which no response is required. To the extent that a response is required, AmeriGas Propane denies each and every allegation contained in Paragraph 21.

b. Answering Paragraph 21b, AmeriGas Partners denies each and every allegation contained therein. (*See* Response to Paragraph 1 regarding AmeriGas Partners not being a proper party to the Complaint.) AmeriGas Propane responds

that Paragraph 21b contains legal conclusions to which no response is required. To the extent that a response is required, AmeriGas Propane denies each and every allegation contained in Paragraph 21b.

c. Answering Paragraph 21c, AmeriGas Partners denies each and every allegation contained therein. (*See* Response to Paragraph 1 regarding AmeriGas Partners not being a proper party to the Complaint.) AmeriGas Propane responds that Paragraph 21c contains legal conclusions to which no response is required. To the extent that a response is required, AmeriGas Propane denies each and every allegation contained in Paragraph 21c.

d. Answering Paragraph 21d, AmeriGas Partners denies each and every allegation contained therein. (*See* Response to Paragraph 1 regarding AmeriGas Partners not being a proper party to the Complaint.) AmeriGas Propane responds that Paragraph 21d contains legal conclusions to which no response is required. To the extent that a response is required, AmeriGas Propane denies each and every allegation contained in Paragraph 21d.

e. Answering Paragraph 21e, AmeriGas Partners denies each and every allegation contained therein. (*See* Response to Paragraph 1 regarding AmeriGas Partners not being a proper party to the Complaint.) AmeriGas Propane responds that Paragraph 21e contains legal conclusions to which no response is required. To the extent that a response is required, AmeriGas Propane denies each and every allegation contained in Paragraph 21e.

f. Answering Paragraph 21f, AmeriGas Partners denies each and every allegation contained therein. (*See* Response to Paragraph 1 regarding AmeriGas Partners not being a proper party to the Complaint.) AmeriGas Propane responds that Paragraph 21f contains legal conclusions to which no response is required. To the extent that a response is required, AmeriGas Propane denies each and every allegation contained in Paragraph 21f.

g. Answering Paragraph 21g, AmeriGas Partners denies each and every

allegation contained therein. (*See* Response to Paragraph 1 regarding AmeriGas Partners not being a proper party to the Complaint.) AmeriGas Propane responds that Paragraph 21g contains legal conclusions to which no response is required. To the extent that a response is required, AmeriGas Propane denies each and every allegation contained in Paragraph 21g.

h. Answering Paragraph 21h, AmeriGas Partners denies each and every allegation contained therein. (*See* Response to Paragraph 1 regarding AmeriGas Partners not being a proper party to the Complaint.) AmeriGas Propane responds that Paragraph 21h contains legal conclusions to which no response is required. To the extent that a response is required, AmeriGas Propane denies each and every allegation contained in Paragraph 21h and further denies that Plaintiffs have suffered individual damages or are representatives of any class.

22. Answering Paragraph 22, AmeriGas Partners denies each and every allegation contained therein. (*See* Response to Paragraph 1 regarding AmeriGas Partners not being a proper party to the Complaint.) AmeriGas Propane responds that Paragraph 22 contains legal conclusions to which no response is required. To the extent that a response is required, AmeriGas Propane denies each and every allegation contained in Paragraph 22.

23. Answering Paragraph 23, AmeriGas Partners denies each and every allegation contained therein. (*See* Response to Paragraph 1 regarding AmeriGas Partners not being a proper party to the Complaint.) AmeriGas Propane responds that Paragraph 23 contains legal conclusions to which no response is required. To the extent that a response is required, AmeriGas Propane denies each and every allegation contained in Paragraph 23.

**FIRST CAUSE OF ACTION**

**(For Breach of Contract)**

24. AmeriGas Partners and AmeriGas Propane hereby reassert and incorporate their answers to Paragraphs 1 through 23 as if fully set forth in this

paragraph.

25. Answering Paragraph 25, AmeriGas Partners denies each and every allegation contained therein. (*See* Response to Paragraph 1 regarding AmeriGas Partners not being a proper party to the Complaint.) AmeriGas Propane admits that it sold propane to Plaintiff pursuant to an agreement and charged Plaintiff for the amount of propane used on a monthly basis. AmeriGas Propane further admits that it sold and sells propane to others in California under this same type of arrangement. Except to the extent expressly admitted, AmeriGas Propane denies any other allegation contained in Paragraph 25.

26. Answering Paragraph 26, AmeriGas Partners denies each and every allegation contained therein. (*See* Response to Paragraph 1 regarding AmeriGas Partners not being a proper party to the Complaint.) AmeriGas Propane responds that Paragraph 26 contains legal conclusions to which no response is required. To the extent that a response is required, AmeriGas Propane denies each and every allegation contained in Paragraph 26.

27. Answering Paragraph 27, AmeriGas Partners denies each and every allegation contained therein. (*See* Response to Paragraph 1 regarding AmeriGas Partners not being a proper party to the Complaint.) AmeriGas Propane denies each and every allegation contained in Paragraph 27.

28. Answering Paragraph 28, AmeriGas Partners denies each and every allegation contained therein. (*See* Response to Paragraph 1 regarding AmeriGas Partners not being a proper party to the Complaint.) AmeriGas Propane responds that Paragraph 28 contains legal conclusions to which no response is required. To the extent that a response is required, AmeriGas Propane denies each and every allegation contained in Paragraph 28.

29. Answering Paragraph 29, AmeriGas Partners denies each and every allegation contained therein. (*See* Response to Paragraph 1 regarding AmeriGas Partners not being a proper party to the Complaint.) AmeriGas Propane denies each and every

allegation contained in Paragraph 29.

**SECOND CAUSE OF ACTION**

**(For Fraud)**

30. AmeriGas Partners and AmeriGas Propane hereby reassert and incorporate their answers to Paragraphs 1 through 29 as if fully set forth in this paragraph.

31. Answering Paragraph 31, AmeriGas Partners denies each and every allegation contained therein. (*See* Response to Paragraph 1 regarding AmeriGas Partners not being a proper party to the Complaint.) AmeriGas Propane denies each and every allegation contained in Paragraph 28.

32. Answering Paragraph 32, AmeriGas Partners denies each and every allegation contained therein. (*See* Response to Paragraph 1 regarding AmeriGas Partners not being a proper party to the Complaint.) AmeriGas Propane denies each and every allegation contained in Paragraph 32.

33. Answering Paragraph 33, AmeriGas Partners denies each and every allegation contained therein. (*See* Response to Paragraph 1 regarding AmeriGas Partners not being a proper party to the Complaint.) AmeriGas Propane denies each and every allegation contained in Paragraph 33.

34. Answering Paragraph 34, AmeriGas Partners denies each and every allegation contained therein. (*See* Response to Paragraph 1 regarding AmeriGas Partners not being a proper party to the Complaint.) AmeriGas Propane does not have sufficient information either to admit or deny the allegations contained in Paragraph 34. To the extent a response is required, AmeriGas Propane denies each and every allegation contained in Paragraph 34.

35. Answering Paragraph 35, AmeriGas Partners denies each and every allegation contained therein. (*See* Response to Paragraph 1 regarding AmeriGas Partners not being a proper party to the Complaint.) AmeriGas Propane denies each and every allegation contained in Paragraph 35.

36. Answering Paragraph 36, AmeriGas Partners denies each and every allegation contained therein. (*See* Response to Paragraph 1 regarding AmeriGas Partners not being a proper party to the Complaint.) AmeriGas Propane denies each and every allegation contained in Paragraph 36.

37. Answering Paragraph 37, AmeriGas Partners denies each and every allegation contained therein. (*See* Response to Paragraph 1 regarding AmeriGas Partners not being a proper party to the Complaint.) AmeriGas Propane denies each and every allegation contained in Paragraph 37.

**THIRD CAUSE OF ACTION**

**(For Negligent Misrepresentations)**

38. AmeriGas Partners and AmeriGas Propane hereby reassert and incorporate their answers to Paragraphs 1 through 38 as if fully set forth in this paragraph.

39. Answering Paragraph 39, AmeriGas Partners denies each and every allegation contained therein. (*See* Response to Paragraph 1 regarding AmeriGas Partners not being a proper party to the Complaint.) AmeriGas Propane denies each and every allegation contained in Paragraph 39.

40. Answering Paragraph 40, AmeriGas Partners denies each and every allegation contained therein. (*See* Response to Paragraph 1 regarding AmeriGas Partners not being a proper party to the Complaint.) AmeriGas Propane denies each and every allegation contained in Paragraph 40.

41. Answering Paragraph 41, AmeriGas Partners denies each and every allegation contained therein. (*See* Response to Paragraph 1 regarding AmeriGas Partners not being a proper party to the Complaint.) AmeriGas Propane denies each and every allegation contained in Paragraph 41.

42. Answering Paragraph 42, AmeriGas Partners denies each and every allegation contained therein. (*See* Response to Paragraph 1 regarding AmeriGas Partners not being a proper party to the Complaint.) AmeriGas Propane does not have sufficient

information to either admit or deny the allegations contained in Paragraph 42. To the extent a response is required, AmeriGas Propane denies each and every allegation contained in Paragraph 42.

43. Answering Paragraph 43, AmeriGas Partners denies each and every allegation contained therein. (*See* Response to Paragraph 1 regarding AmeriGas Partners not being a proper party to the Complaint.) AmeriGas Propane denies each and every allegation contained in Paragraph 43.

44. Answering Paragraph 44, AmeriGas Partners denies each and every allegation contained therein. (*See* Response to Paragraph 1 regarding AmeriGas Partners not being a proper party to the Complaint.) AmeriGas Propane denies each and every allegation contained in Paragraph 44.

**FOURTH CAUSE OF ACTION**

**(For Violations of California Public Utilities Code § 451)**

45. AmeriGas Partners and AmeriGas Propane hereby reassert and incorporate their answers to Paragraphs 1 through 44 as if fully set forth in this paragraph.

46. Answering Paragraph 46, AmeriGas Partners denies each and every allegation contained therein. (*See* Response to Paragraph 1 regarding AmeriGas Partners not being a proper party to the Complaint.) AmeriGas Propane responds that Paragraph 46 contains legal conclusions to which no response is required. To the extent that a response is required, AmeriGas Propane denies each and every allegation contained in Paragraph 46.

47. Answering Paragraph 47, AmeriGas Partners denies each and every allegation contained therein. (*See* Response to Paragraph 1 regarding AmeriGas Partners not being a proper party to the Complaint.) AmeriGas Propane denies each and every allegation contained in Paragraph 47.

48. Answering Paragraph 48, AmeriGas Partners denies each and every allegation contained therein. (*See* Response to Paragraph 1 regarding AmeriGas Partners

not being a proper party to the Complaint.) AmeriGas Propane responds that Paragraph 46 contains legal conclusions to which no response is required. To the extent that a response is required, AmeriGas Propane denies each and every allegation contained in Paragraph 48.

49. Answering Paragraph 49, AmeriGas Partners denies each and every allegation contained therein. (*See* Response to Paragraph 1 regarding AmeriGas Partners not being a proper party to the Complaint.) AmeriGas Propane responds that Paragraph 49 contains legal conclusions to which no response is required. To the extent that a response is required, AmeriGas Propane denies each and every allegation contained in Paragraph 49.

50. Answering Paragraph 50, AmeriGas Partners denies each and every allegation contained therein. (*See* Response to Paragraph 1 regarding AmeriGas Partners not being a proper party to the Complaint.) AmeriGas Propane denies each and every allegation contained in Paragraph 50.

**FIFTH CAUSE OF ACTION**

**(For Violations of California Business & Professions Code § 17200, et seq.)**

51. AmeriGas Partners and AmeriGas Propane hereby reassert and incorporate their answers to Paragraphs 1 through 50 as if fully set forth in this paragraph.

52. Answering Paragraph 52, AmeriGas Partners denies each and every allegation contained therein. (*See* Response to Paragraph 1 regarding AmeriGas Partners not being a proper party to the Complaint.) AmeriGas Propane responds that Paragraph 52 contains legal conclusions to which no response is required. To the extent that a response is required, AmeriGas Propane denies each and every allegation contained in Paragraph 52.

53. Answering Paragraph 53, AmeriGas Partners denies each and every allegation contained therein. (*See* Response to Paragraph 1 regarding AmeriGas Partners not being a proper party to the Complaint.) AmeriGas Propane denies each and every

allegation contained in Paragraph 53.

54. Paragraph Answering Paragraph 54, AmeriGas Partners denies each and every allegation contained therein. (*See* Response to Paragraph 1 regarding AmeriGas Partners not being a proper party to the Complaint.) AmeriGas Propane denies each and every allegation contained in Paragraph 54.

55. Answering Paragraph 55, AmeriGas Partners denies each and every allegation contained therein. (*See* Response to Paragraph 1 regarding AmeriGas Partners not being a proper party to the Complaint.) AmeriGas Propane denies each and every allegation contained in Paragraph 55.

56. Answering Paragraph 56, AmeriGas Partners denies each and every allegation contained therein. (*See* Response to Paragraph 1 regarding AmeriGas Partners not being a proper party to the Complaint.) AmeriGas Propane responds that Paragraph 56 contains allegations to which no response is required. To the extent that a response is required, AmeriGas Propane denies each and every allegation contained in Paragraph 56.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

### (Failure to State a Claim Upon Which Relief Can be Granted)

The Complaint and each and every cause of action alleged in the Complaint, fails to state claims against the Defendant upon which relief can be granted.

### SECOND DEFENSE

### (Accord and Satisfaction)

Prior to the Complaint being filed, a bona fide dispute existed between Plaintiff and Defendant AmeriGas Partners, on the one hand, and AmeriGas Propane on the other hand, as to the obligations under the agreement sued upon by Plaintiff. At that time, Plaintiff and Defendant AmeriGas Partners, on the one hand, and AmeriGas Propane on the other hand, entered into an accord that operated in full satisfaction and discharge of the obligations alleged in the Complaint. Pursuant to the accord, and in full execution thereof, Defendant AmeriGas Partners, on the one hand, and AmeriGas Propane on the

other hand, transferred consideration to Plaintiff and Plaintiff accepted it in full satisfaction and discharge of the obligations alleged in the Complaint.

**THIRD DEFENSE**

**(Release)**

Plaintiff's Complaint, and each cause of action contained therein, is barred because Plaintiff previously released Defendant AmeriGas Partners, on the one hand, and AmeriGas Propane on the other hand, from any and all claims arising out of the facts giving rise to the causes of action alleged in the Complaint.

**FOURTH DEFENSE**

**(Estoppel)**

Plaintiff is barred and equitably estopped from asserting each and all of the purported causes of action contained in the Complaint by reason of Plaintiff's acts, omissions, and conduct, and that of his agents, upon which Defendant AmeriGas Partners, on the one hand, and AmeriGas Propane on the other hand, reasonably and justifiably relied.

**FIFTH DEFENSE**

**(Waiver)**

Plaintiff, by his own acts and omissions, has waived each and every cause of action alleged in the Complaint against Defendant AmeriGas Partners, on the one hand, and AmeriGas Propane, on the other hand.

**SIXTH DEFENSE**

**(Performance Excused)**

The obligation of Defendant AmeriGas Partners, on the one hand, and AmeriGas Propane on the other hand, to perform under the agreement is excused because Plaintiff engaged in acts, omissions and courses of conduct which constitute breaches of the purported agreement or breaches of the implied covenant of good faith and fair dealing, which breaches have prevented or excused Defendant AmeriGas Partners, on the one hand, and AmeriGas Propane on the other hand, from performing the obligations under

the agreement.

**SEVENTH DEFENSE**

**(Contributory and Comparative Negligence)**

Any and all damages allegedly sustained by Plaintiff were proximately caused and contributed to by the carelessness of Plaintiff in that Plaintiff was careless and negligent in and about those matters alleged in the Complaint, and in that Plaintiff failed appropriately to undertake his responsibilities to ensure that he would be billed accurately as alleged in his Complaint. As such, Plaintiff's conduct completely bars any recovery from Defendant AmeriGas Partners, on the one hand, and AmeriGas Propane on the other hand, or, in the alternative, reduces Plaintiff's right of recovery by that amount which said conduct contributed to Plaintiff's injuries under the doctrine of comparative negligence.

**EIGHTH DEFENSE**

**(Intervening and Superseding Cause)**

The damages alleged in Plaintiff's Complaint, as well as each and every purported cause of action contained therein, if any are or were sustained, were proximately caused by the acts and omissions of persons and entities other than Defendant AmeriGas Partners, on the one hand, and AmeriGas Propane on the other hand, which acts and omissions constitute intervening and superseding causes of the damages alleged in the Complaint.

**NINTH DEFENSE**

**(Unclean Hands)**

The Complaint, and each cause of action alleged in the Complaint, is barred because Plaintiff comes to this Court with unclean hands.

**TENTH DEFENSE**

**(Lack of Standing)**

Plaintiff lacks standing to recover civil penalties under California Public Utilities Code Section 2107.

**ELEVENTH DEFENSE**

**(Consequential or Incidental Damages Barred/Disclaimed)**

All claims for consequential or incidental damages are barred and/or have been properly disclaimed.

**TWELFTH DEFENSE**

**(Failure to Mitigate)**

Plaintiff failed to mitigate properly his damages and, as a result, is barred from recovery of those damages, or his recovery should be reduced.

**THIRTEENTH DEFENSE**

**(Procedural Due Process)**

The Complaint, to the extent that it seeks punitive damages, violates the rights of Defendant AmeriGas Partners, on the one hand, and AmeriGas Propane on the other hand, to procedural due process under the Fourteenth Amendment of the United States Constitution.

**FOURTEENTH DEFENSE**

**(Protection from Excessive Fines/Substantive Due Process)**

The Complaint, to the extent that it seeks punitive damages, violates the rights of Defendant AmeriGas Partners, on the one hand, and AmeriGas Propane on the other hand, to protection from excessive fines as provided in the Eighth Amendment of the United States Constitution and violates the rights of Defendant AmeriGas Partners, on the one hand, and AmeriGas Propane on the other hand, to substantive due process as provided in the Fifth and Fourteenth Amendment of the United States Constitution.

**FIFTEENTH DEFENSE**

**(Failure to Plead with Particularity)**

Plaintiff has failed to plead, with the particularity required under Federal Rules of Civil Procedure 9(b), the allegedly fraudulent and deceptive conduct, including the alleged misrepresentations of Defendant AmeriGas Partners, on the one hand, and AmeriGas Propane on the other hand, to support Plaintiff's claims. Without waiving this

defense, Defendant AmeriGas Partners, on the one hand, and AmeriGas Propane on the other hand, attempt to respond to these allegations, but accordingly reserve the right to move to dismiss these claims for this reason or of such other relief to which they may be entitled.

**SIXTEENTH DEFENSE**

**(Arbitration)**

Some or all of the individual and/or putative class claims are subject to arbitration and are not properly before this Court.

**WHEREFORE**, Defendant AmeriGas Partners on the one hand, and AmeriGas Propane on the other hand, pray for judgment as follows:

1. That Plaintiff and the Class take nothing by the Complaint;
2. For reasonable attorneys' fees, as permitted by law and/or contract;
3. For costs of suit herein; and
4. For such other and further relief as the Court may deem just and proper.

DATE: JUNE 12, 2008

FOLEY & LARDNER LLP
MICHAEL P. MCCLOSKEY
DAVID J. AVENI

By: s/ Michael P. McCloskey
ATTORNEYS FOR DEFENDANT AMERIGAS PARTNERS, L.P.
E-MAIL: MMCCLOSKEY@FOLEY.COM

**PROOF OF SERVICE**

I am employed in the **County of San Diego, State of California**. I am over the age of 18 and not a party to this action; my current business address is **402 W. Broadway, Suite 2100, San Diego, CA 92101-3542**.

On June 12, 2008, I served the foregoing document(s) described as: **Answer of Defendant AmeriGas Partners, L.P.** on the interested parties in this action as follows:

X BY THE FOLLOWING MEANS:
I placed a true copy thereof enclosed in sealed envelope(s) addressed as follows:

Harry W. Harrison
Harrison Patterson & O'Connor LLP
402 W. Broadway, 29th Floor
San Diego, CA 92101
(619) 756-6991

VIA ELECTRONIC DELIVERY

James M. Lindsay
Lindsay & Stonebarger
620 Coolidge Drive, Ste. 225
Folsom, CA 95630
(916) 294-0012

VIA U.S. MAIL

X **(BY MAIL)**

___ I placed the envelope(s) with postage thereon fully prepaid in the United States mail, at **San Diego, California**.

X I am readily familiar with the firm's practice of collection and processing correspondence for mailing with the United States Postal Service; the firm deposits the collected correspondence with the United States Postal Service that same day, in the ordinary course of business, with postage thereon fully prepaid, at **San Diego, California**. I placed the envelope(s) for collection and mailing on the above date following ordinary business practices.

X **(BY ELECTRONIC SERVICE)** Service was effected through the court's CM/ECF System. Counsel is a registered user in the case and will be notified of this filing through the court's automated "Notice of Electronic Filing" (NEF) system. The NEF will constitute service of the document(s) for purposes of the Federal Rules of Civil, Criminal and Appellate Procedure.

X Executed on June 12, 2008, at **San Diego, California**.

X I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Maggie Shoecraft