Harry W. Harrison, State Bar No. 211141
James R. Patterson, State Bar No. 211102
Cary A. Kinkead, State Bar No. 216545
HARRISON PATTERSON & O'CONNOR LLP
402 West Broadway, 29th Floor
San Diego, CA 92101
Telephone: (619) 756-6990
Facsimile: (619) 756-6991

James M. Lindsay, State Bar No. 164758
Gene J. Stonebarger, State Bar No. 209461
LINDSAY & STONEBARGER
A Professional Corporation
620 Coolidge Drive, Suite 225
Folsom, CA 95630
Telephone: (916) 294-0002
Facsimile: (916) 294-0012

Attorneys for Plaintiff and the Class

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY DEEHAN, on behalf of himself and all others similarly situated,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>AMERIGAS PARTNERS, L.P., a Delaware limited partnership, dba AMERIGAS; and DOES 1 through 50, inclusive,<br><br>　　　　　　Defendants. | CASE NO.: 08-CV-1009-BTM-JMA<br><br>**CLASS ACTION**<br><br>**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR REMAND TO SUPERIOR COURT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date:　August 29, 2008<br>Time:　11:00 a.m.<br>Ctrm.:　15 |

**TO DEFENDANTS AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on August 29, 2008, at 11:00 a.m. or as soon thereafter as counsel may be heard, in Courtroom 15 of the above-entitled Court located at 940 Front Street, San Diego, CA 92101-8900, Plaintiff Timothy Deehan ("Plaintiff") will, and hereby does, move this Court for an order remanding the above-entitled action to the Superior Court of California for the County of San Diego.

/ / /

1      This motion is brought on the grounds that Defendant's removal of this action is
2  improper because it is not facially apparent from the complaint that the amount in controversy
3  requirement has been satisfied and because Defendant failed to meet its burden of proof by
4  establishing this requirement by a preponderance of the evidence. This motion shall be based on
5  this Notice of Motion, on the accompanying Memorandum of Points and Authorities submitted
6  concurrently and filed herewith, and on such evidence and argument as may be presented at the
7  hearing.

8  Dated: June 30, 2008                          HARRISON PATTERSON & O'CONNOR LLP

9                                                By: _____
10                                                    Harry W. Harrison
11                                                    Attorneys for Plaintiff and the Class

HARRISON PATTERSON & O'CONNOR LLP
402 West Broadway
29TH Floor
San Diego, CA 92101

2

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR REMAND TO SUPERIOR COURT; MEMORANDUM OF
POINTS AND AUTHORITIES IN SUPPORT THEREOF

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

In this Class Action lawsuit, Plaintiff Timothy Deehan (hereinafter referred to as "Plaintiff") on behalf of himself and all others similarly situated (hereinafter referred to as the "Class") alleges that Defendant AmeriGas Partners, L.P. (hereinafter referred to as "Defendant") has engaged in conduct in violation of California law by failing to read and/or accurately read the meters and/or similar devices relating to propane to be furnished to Defendant's California customers. Plaintiff further alleges that Defendant's unlawful conduct resulted in inaccurate billings and overcharging to Plaintiff and the Class. Based thereon, Plaintiff brought this class action in state court, alleging causes of action against Defendant for, breach of contract, fraud, negligent misrepresentation, violations of California Public Utilities Code section 451, and violations of Business and Professions Code section 17200, *et seq.*

On June 5, 2008, Plaintiff's attorneys were served with Defendant's Notice of Removal (hereinafter referred to as the "Notice") of Plaintiff's action from the Superior Court for San Diego County, in which the complaint was filed, to the United States District Court for the Southern District of California under the Class Action Fairness Act of 2005 ("CAFA") and on the <u>argument</u> that the amount in controversy allegedly exceeds the sum or value of $5 million. Under CAFA, which amended 28 U.S.C. § 1332 to add subsection (d), the Court may exercise jurisdiction if at least one member of a putative class consisting of no fewer than one hundred members is diverse from any defendant, and the aggregated claims of all class members create an amount in controversy in excess of $5,000,000. 28 U.S.C. § 1332(d)(2). However, Defendant has failed to meet its burden of establishing <u>facts</u> necessary to meet these requirements.

In connection with its Notice, Defendant failed to submit <u>evidence</u> sufficient comply with the two-part test. Specifically, and as will be discussed in detail below, Defendant fails to allege that the amount in controversy in this case exceeds the jurisdictional minimum of $5,000,000. As a result, Defendant has <u>failed to meet its burden</u> for removal under 28 U.S.C. § 1332(d).

/ / /

/ / /

1

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR REMAND TO SUPERIOR COURT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

## II. PLAINTIFF'S MOTION FOR REMAND IS TIMELY

The time limit to move the federal court to remand a case after removal depends on whether the basis for the remand motion is a mere defect in the procedure used in the removal process or goes to the lack of subject matter jurisdiction. The remand statute imposes a 30-day limit for procedural defects. There is no time limit on a remand motion based on a lack of subject matter jurisdiction. 28 U.S.C. § 1447(c); *See also* Sanchez v. Monumental Life Ins. Co., 102 F. Supp.3d 398, 401 (9th Cir. 1996)(the district court may remand a removed case for lack of subject matter jurisdiction any time before entry of judgment).

Here, Plaintiff's remand motion is based on a lack of subject matter jurisdiction, and, thus, has no time limit. Assuming, *arguendo*, it was based on a procedural defect, the motion is still timely as it is brought less than 30 days after Defendant filed and served its Notice of Removal on June 5, 2008.

Whether viewed as raising issues of procedural defects or a lack of subject matter jurisdiction, Plaintiff's remand motion is timely.

## III. DEFENDANT BEARS THE BURDEN OF PROVING REMOVAL IS PROPER

The law is settled. The removing party bears the burden of proving the existence of facts to establish federal subject matter jurisdiction; there is a "strong presumption" against removal jurisdiction. Gaus v. Mills Inc., 980 F. 2d 564, 566 (9th Cir. 1992); *see also* Boyer v. Snapp On Tools, Corp., 913 F.2d 108, 111 (3rd Cir. 1990)(on a motion to remand, the court is to "resolve all contested issues of substantive fact in favor of the plaintiff…").

As the Ninth Circuit recently recognized, "[t]he removal statute is strictly construed against removal jurisdiction, and the burden of establishing federal jurisdiction falls to the party invoking the statute." California ex rel. Lockyer v. Dynegy, Inc., 375 F.3d 831, 838 (9th Cir. 2004). Thus, the removing party bears the burden of extinguishing any doubt as to the district court's jurisdiction. Gaus, 980 F. 2d at 566 (district courts are to reject removal jurisdiction "if there is any doubt as to the right of removal in the first instance").

///

///

LINDSAY & STONEBARGER
A Professional Corporation

It is further settled that CAFA did not change the burden of proof regarding removal jurisdiction. <u>Abrego Abrego v. Dow Chemical Co.</u>, 443 F.3d 676, 685 (9th Cir. 2006). In <u>Abrego Abrego</u>, the defendants argued that federal courts should interpret CAFA expansively and resolve all doubts in favor of removal. The Ninth Circuit expressly rejected this approach holding that "under CAFA the burden of establishing removal jurisdiction remains, as before on the proponent of federal jurisdiction." <u>Id</u>.

In so holding, the Ninth Circuit expressly relied on Supreme Court precedent which holds that the statutory procedures for removal are strictly construed:

> The traditional rule of burden allocation in determining removal jurisdiction was meant to comport with what the Supreme Court has termed "the dominant note in the successive enactments of Congress relating to diversity jurisdiction," that is, "jealous restriction, of avoiding offense to state sensitiveness, and of relieving the federal courts of the overwhelming burden of 'business that intrinsically belongs to the state courts' in order to keep them free for their distinctive federal business." <u>Id</u>. (*quoting* <u>Indianapolis v. Chase Nat'l Bank</u>, 314 U.S. 63, 76 (1941)).

It is precisely because the procedures for removal are strictly construed that the <u>Abrego Abrego</u> Court held that the burden of establishing federal subject matter jurisdiction under CAFA remains with the proponent of removal.

As the removing party, Defendant has the burden of proving federal subject matter jurisdiction under CAFA.

### IV. CAFA REQUIRES DIVERSE PARTIES AND AN AMOUNT IN CONTROVERSY THAT EXCEEDS $5 MILLION

As set forth in its Notice, Defendant removed this Action under CAFA, pursuant to 28 U.S.C. § 1332(d)(2), which provides in relevant part:

> The district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which…
>
> (A) any member of a class of plaintiffs is a citizen of a State different from any defendant.

/ / /

/ / /

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR REMAND TO SUPERIOR COURT;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

In an effort to establish removal jurisdiction under section 1332(d)(2), Defendant has stated an unsupported conclusion that the amount in controversy exceeds the sum or value of five million dollars, exclusive of interest and costs, based on the number of customers, the proposed time period, the alleged overcharges, and requested relief for the class, including, but not limited to, the request for exemplary and punitive damages and attorneys' fees. See Notice 3:08-12. However, the only alleged fact that Defendant has set forth in support of its conclusion is that based on the allegations in the Complaint, the proposed class includes at least 14,000 customers who contracted with Defendant. See Notice 3:06-08.

Though Plaintiff, at this time, does not challenge that the parties in this action are diverse, Defendant has not alleged sufficient facts to meet the pleading requirements necessary to establish the minimal amount in controversy requirement of U.S.C. § 1332(d)(2).

## V.   DEFENDANT HAS FAILED TO PROVE THAT THE AMOUNT IN CONTROVERSY EXCEEDS $5 MILLION

To invoke federal subject matter jurisdiction, Defendant has the burden of proving that the amount in controversy exceeds the $5 million jurisdictional amount. Gaus, 980 F.2d at 566-67. More importantly, though, on a motion for remand for lack of subject matter jurisdiction, the non-moving party (i.e., Defendant) bears the burden of identifying "a legitimate source of the court's jurisdiction" and "[d]isputed questions of fact and ambiguities in the controlling law must be resolved in favor of the remanding party." Pacific Maritime Association v. Mead, 246 F.Supp.2d 1087, 1089 (N.D. Cal. 2003)(citing Gaus, 980 F.2d at 566).

Where the complaint does not claim a specific amount, the removing defendant must prove "by a preponderance of the evidence that the amount in controversy requirement has been met." Abrego Abrego, 443 F.3d at 683; Gaus, 980 F.2d at 567 (defendant must present facts that supports its assertion that the amount in controversy exceeds the jurisdictions minimum in the removal petition itself). To meet the preponderance of evidence standard, "[t]he defendant must provide evidence that it is 'more likely than not' that the amount in controversy satisfies the federal diversity jurisdictional amount requirement." Abrego Abrego, 443 F. 3d at 683; see also Sanchez, 102 F.3d at 404. This requires Defendant to provide facts supporting its assertions as

4

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR REMAND TO SUPERIOR COURT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

to the minimum jurisdictional requirement. <u>Rippee v. Boston Market Corp.</u>, 408 F.Supp.2d. 982, 984-85 (S.D. Cal. 2005).

Because any doubt regarding removal is resolved in favor of remand, removal is improper if the monetary value of the claims is so uncertain or speculative that the court cannot reasonably determine whether the amount of money placed in controversy exceeds the statutory minimum.

In the case at bench, the Complaint does not specify an amount of damages. This is important as the law is clear that Defendant carries the burden in this case to prove that it is "more likely than not" that the amount in controversy exceeds $5 million. However, Defendant fails to plead sufficient facts to meet this burden. Defendant merely alleges that based on the allegations in the Complaint that there are approximately 14,000 customers who contracted with Defendant. Defendant then takes this figure of 14,000 contracted customers, and summarily concludes that based upon the relief sought in the Complaint, the amount in controversy exceeds the sum or value of $5 million.

Defendant's approach is fatally flawed. Defendant cannot simply allege that it has 14,000 contracted customers and based thereon allege that each of them will be entitled to an amount which will total more than $5 million. The law requires Defendant to plead facts in support of removal, not assumptions. There is no methodology that would support Defendant's line of reasoning unless the Defendant is admitting that it engaged in the unlawful conduct as to each of its 14,000 contracted customers and that each of said customers were overcharged in amounts which total more than $5 million. Defendant has not done this, but instead seeks to persuade this Court that the jurisdictional amount in controversy is satisfied in this case solely on the basis that it has 14,000 contracted customers. This is an incomplete calculation and, without additional facts, cannot satisfy Defendant's burden on removal.

///

///

///

///

5

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR REMAND TO SUPERIOR COURT;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF


## V. **CONCLUSION**

Defendant's Notice fails to allege facts sufficient to establish federal subject matter jurisdiction under CAFA. Thus, remand in this Action is both proper and warranted.

Dated: June 30, 2008

HARRISON PATTERSON & O'CONNOR LLP

By: _____
Harry W. Harrison
Attorneys for Plaintiff and the Class

6

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR REMAND TO SUPERIOR COURT;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

## PROOF OF SERVICE

I am a citizen of the United States and am employed in San Diego County. I am over the age of eighteen (18) years and not a party to this action; my business address is 402 West Broadway, 29th Floor, San Diego, CA 92101.

On July 2, 2008, I caused to be served the following document(s):

**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR REMAND TO SUPERIOR COURT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

to each of the parties herein as follows:

| | |
|---|---|
| Michael McCloskey, Esq.<br>Foley & Lardner LLP<br>402 West Broadway, Suite 2100<br>San Diego, CA 92101<br>*Attorneys for Defendant AmeriGas Partners, L.P.* | James M. Lindsay, State Bar No. 164758<br>Gene J. Stonebarger, State Bar No. 209461<br>LINDSAY & STONEBARGER<br>620 Coolidge Drive, Suite 225<br>Folsom, CA 95630<br>*Co-Counsel for Plaintiff and the Class* |

__X__   **BY ELECTRONIC MAIL TRANSMISSION:** A PDF format copy of such document(s) was sent by electronic mail transmission through the CM/ECF system to each such person at the e-mail address listed above. The transmission was reported as complete and without error.

____   BY MAIL: I caused such envelope(s) to be deposited in the mail at my business address, addressed to the addressee(s) designated. I am readily familiar with Harrison Patterson & O'Connor's practice for collection and processing of correspondence and pleadings for mailing. It is deposited with the United States Postal Service on that same day in the ordinary course of business.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed at San Diego, California on July 2, 2008.

_____
Stephanie Wesolek