# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY DEEHAN, on behalf of himself and all others similarly situated,<br><br>                   Plaintiff,<br><br>vs.<br><br>AMERIGAS PARTNERS, L.P., a Delaware limited partnership, dba AMERIGAS; and DOES 1 through 50, inclusive,<br><br>                   Defendants. | CASE NO. 08cv1009 BTM(JMA)<br><br>**ORDER DENYING MOTION TO REMAND** |

Plaintiff has filed a motion to remand this case to state court. For the reasons discussed below Plaintiff's motion to remand is **DENIED**.

## I. BACKGROUND

Plaintiff commenced this action in the Superior Court of California, County of San Diego. Plaintiff is suing on behalf of himself and a purported class consisting of "all persons in California who have within the past four years contracted with AmeriGas for the purchase of propane and which purchases required the monthly or periodic reading of a meter or similar device." (Compl. ¶ 6.) Plaintiff claims that Defendant failed to read and/or accurately read the meters gauging the use of propane furnished by Defendant to Plaintiff and the other class members, resulting in inaccurate billings and overcharging. (Comp. ¶ 1.)

Plaintiff asserts claims for breach of contract, fraud, negligent misrepresentation, violations of Cal. Pub. Util. Code § 451, and violations of Cal. Bus. & Prof. Code § 17200, et

seq. Plaintiff seeks an injunction, disgorgement, civil penalties under Cal. Pub. Util. Code § 2107, compensatory damages, punitive damages, attorney's fees, and costs.

On June 5, 2008, Defendant removed this action pursuant to 28 U.S.C. §§ 1332, 1441, 1446, all as amended by the Class Action Fairness Act of 2005, Pub. L. No. 109-2, 118 Stat. 4 ("CAFA"). According to the Notice of Removal, Defendant is a citizen of Delaware, and Plaintiff is a citizen of California. (Notice of Removal, ¶¶ 9, 10.) The Notice of Removal also states that the proposed class includes at least 14,000 customers who contracted with Defendant and that "[t]he amount in controversy exceeds the sum or value of five million dollars, exclusive of interest and costs, based on the number of customers, the proposed time period, the alleged overcharges, and requested relief for the class, including, but not limited to, the requests for exemplary and punitive damages and attorney's fees." (Notice of Removal, ¶ 8.)

## II. DISCUSSION

Plaintiff moves to remand this action on the ground that Defendant has failed to satisfy its burden of establishing that the amount in controversy exceeds the sum of $5,000,0000. Plaintiff's motion is **DENIED**.

Under CAFA, the burden of establishing removal jurisdiction rests on the removing party. Abrego Abrego v. The Dow Chemical Co., 443 F.3d 676, 685 (9th Cir. 2006). When the plaintiff fails to plead a specific amount of damages, the defendant seeking removal "must prove by a preponderance of the evidence that the amount in controversy has been met." Id. at 683 (citing Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992)). When the amount in controversy is not apparent from the face of the Complaint, the court may also consider post-removal submissions. Kroske v. U.S. Bank Corp., 432 F.3d 976, 980 (9th Cir. 2005); Singer v. State Farm Mut. Auto. Ins. Co, 116 F.3d 373, 377 (9th Cir. 1997).

Defendant has established by a preponderance of the evidence that the amount in controversy exceeds $5,000,000. The Complaint seeks an award "to Plaintiff and each member of the Class of civil penalties under California Public Utilities Code section 2107."

(Prayer for Relief, ¶ 4.) The minimum penalty for each offense under this section is $500. Defendant has submitted evidence that there are at least 14,082 members of the class. Thus, the amount-in-controversy requirement is satisfied based on the requested section 2107 penalties alone ($500 x 14,082 = $7,041,000).

Plaintiff argues that Defendant must produce evidence regarding the actual amount of overcharges incurred by the class members. Plaintiff is mistaken. The issue is the amount Plaintiff has placed in controversy, not the amount that Defendant will actually be held liable for. Korn v. Polo Ralph Laren Corp., 536 F. Supp. 2d 1199, 1205 (E.D. Cal. 2008). Defendant is not required to prove Plaintiff's case for him.

Lowdermilk v. U.S. Bank Nat'l Assoc., 479 F.3d 994 (9th Cir. 2007), cited by Plaintiff, is distinguishable. In Lowdermilk, the plaintiff stated that the amount in controversy was less than $5,000,000. Id. at 998. Therefore, the defendant was required to show to a legal certainty that the amount in controversy exceeded the statutory amount. Id. at 999. The defendant did not satisfy the legal certainty standard because there was insufficient support for the defendant's estimates regarding the number of class members and the defendant's assumptions regarding the amount of unpaid wages/penalty wages. Here, in contrast, Plaintiff does not dispute Defendant's calculation of the class size. Furthermore, Plaintiff seeks section 2107 penalties for each class member. The minimum penalty for each offense is a definite amount – $500.

Defendant has satisfied its burden of establishing that the amount in controversy exceeds $5,000,000.

### III. CONCLUSION

For the reasons discussed above, Plaintiff's motion to remand is **DENIED**.

**IT IS SO ORDERED.**

DATED: September 2, 2008

*Barry Ted Moskowitz*

Honorable Barry Ted Moskowitz
United States District Judge