# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY DEEHAN, ON BEHALF OF HIMSELF AND OTHERS SIMILARLY SITUATED,<br><br>Plaintiff,<br>v.<br><br>AMERIGAS PARTNERS, L.P., A DELAWARE LIMITED PARTNERSHIP, DBA AMERIGAS; AND DOES 1 THROUGH 50, INCLUSIVE,<br><br>Defendants. | Case No. 08cv1009 BTM(JMA)<br><br>**ORDER GRANTING MOTION TO DISMISS FOURTH CAUSE OF ACTION** |

Defendant Amerigas Partners L.P. ("AmeriGas") has filed a motion to dismiss Plaintiff's fourth cause of action for failure to state a claim. For the reasons discussed below, Defendant's motion is **GRANTED**.

## I. BACKGROUND

Plaintiff Timothy Deehan alleges that during the past four years, he received propane pursuant to an agreement with AmeriGas. (Compl. ¶ 11.) Plaintiff agreed to pay for the propane per cubic foot. (Id.) AmeriGas was supposed to read a meter located at Plaintiff's home and invoice Plaintiff based on the measured usage. (Compl. ¶ 12.)

In October 2007, Plaintiff's home was destroyed by the San Diego wildfires. (Compl.

¶ 14.)  The wildfires also destroyed the AmeriGas propane meter and other equipment located on Plaintiff's property.  (Id.)  Notwithstanding the total loss of Plaintiff's home and the resulting discontinued use of propane at the property, Plaintiff continued to receive invoices from AmeriGas which included beginning and ending readings.  (Compl. ¶ 15.)

Plaintiff brings this lawsuit on behalf of himself and a purported class of similarly situated individuals in California who, in the past four years, contracted with AmeriGas for the purchase of propane and which purchases required the monthly or periodic reading of a meter of similar device.  (Compl. ¶ 6.)  Plaintiff alleges that AmeriGas failed to read and/or accurately read the meters and/or similar devices relating to propane to be furnished to Plaintiff and the Class, resulting in inaccurate billings and overcharging to Plaintiff and the Class.  (Compl. ¶ 1.)

Plaintiff asserts the following claims: (1) breach of contract; (2) fraud; (3) negligent misrepresentation; (4) violation of Cal. Pub. Util. Code § 451; and (5) violation of Cal. Bus. & Prof. Code § 17200, et seq.

## II. STANDARD

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) should be granted only where a plaintiff's complaint lacks a "cognizable legal theory" or sufficient facts to support a cognizable legal theory.  Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1988).  When reviewing a motion to dismiss, the allegations of material fact in plaintiff's complaint are taken as true and construed in the light most favorable to the plaintiff.  See Parks Sch. of Bus., Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995).  Although detailed factual allegations are not required, factual allegations "must be enough to raise a right to relief above the speculative level."  Bell Atlantic v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 1965 (2007).  "A plaintiff's obligation to prove the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Id.  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not

show[n] that the pleader is entitled to relief." Ashcroft v. Iqbal, __ U.S. __, 129 S,Ct. 1937, 1950 (2009) (internal quotation marks omitted).

### III. DISCUSSION

AmeriGas moves to dismiss Plaintiff's fourth cause of action for violation of Cal. Pub. Util. Code § 451 on the ground that AmeriGas is not a "public utility" within the meaning of the statute. The Court agrees.

Plaintiff seeks damages and statutory penalties pursuant to Cal. Pub. Util. Code §§ 2106, 2107, for AmeriGas's alleged violation of Cal. Pub. Util. Code § 451, which provides: "All charges demanded or received *by any public utility* . . . for any product or commodity furnished or to be furnished or any service rendered or to be rendered shall be just and reasonable. Every unjust or unreasonable charge demanded or received for such product or commodity or service is unlawful." (Emphasis added.)

A "public utility" is defined to include "every common carrier, toll bridge corporation, pipeline corporation, gas corporation, electrical corporation, telephone corporation, telegraph corporation, water corporation, sewer system corporation, and heat corporation, where the service is performed for, or the commodity is delivered to, the public or any portion thereof." Cal. Pub. Util. Code § 216.

AmeriGas contends that it is not a "public utility" because it is not a "gas corporation." As pointed out by AmeriGas, the definition of a "gas corporation" explicitly excludes propane. Section 222 defines "gas corporation" to include "every corporation or person owning, controlling, operating, or managing any *gas plant* for compensation within this state . . . . " (Emphasis added.) Section 221, in turn, defines the term "gas plant" as including "all real estate, fixtures, and personal property, owned, controlled, operated, or managed in connection with or to facilitate the production, generation, transmission, delivery, underground storage, or furnishing of gas, natural or manufactured, *except propane*, for light, heat, or power." (Emphasis added.) Thus, AmeriGas, as a provider of propane, is not a "gas corporation."

1  Plaintiff does not dispute that AmeriGas is not a "gas corporation."  Instead, Plaintiff argues that AmeriGas is a "public utility," as defined by section 216, because it is a "common carrier."  Section 22 defines a "common carrier" as follows:

> "Common carrier" means every person and corporation providing transportation for compensation to or for the public or any portion thereof, except as otherwise provided in this part.
>
> "Common carrier" includes:
>
> (a) Every railroad corporation; street railroad corporation; dispatch, sleeping car, dining car, drawing-room car, freight, freightline, refrigerator, oil, stock, fruit, car-loaning, car-renting, car-loading, and every other car corporation or person operating for compensation within this state.
>
> (b) Every corporation or person, owning, controlling, operating, or managing any vessel used in the transportation of persons or property for compensation between points upon the inland waters of this state or upon the high seas between points within this state, except as provided in Section 212. "Inland waters" as used in this section includes all navigable waters within this state other than the high seas.
>
> (c) Every "passenger stage corporation" operating within this state.

Plaintiff argues that AmeriGas qualifies as a "common carrier" because it transports and delivers propane to California customers.

Plaintiff's argument is not persuasive.  The transportation of one's own goods or products is not tantamount to "providing transportation for compensation to or for the public." Plaintiff paid AmeriGas for propane, not transportation.  The transportation was incidental to AmeriGas's business of selling propane.  See Holmes v. Railroad Comm'n of California, 197 Cal. 627, 638 (1925) ("One who transports merely his own goods, is of necessity engaged in some business other than transportation, and the transportation of such good is no more than an incident to such business."); Samuelson v. Public Util. Comm'n, 36 Cal. 2d 722, 730 (1951) (defining "common carrier" as one who "undertakes generally and for all persons indifferently to carry goods and deliver them for hire."); Hill Bros. Chem. Co. v. Superior Court, 123 Cal. App. 4th 1001 (2004) (distinguishing between those who use the public highways as a business and those who use the highways only to transport their own products incidental to their own business).

Based on the allegations of the Complaint, the Court has no basis for concluding that

AmeriGas is a "gas corporation" or "common carrier," or otherwise meets the definition of a "public utility."  Therefore, Plaintiff has failed to state a claim for violation of Cal. Pub. Util. Code § 451.

### IV.  CONCLUSION

For the reasons discussed above, AmeriGas's motion to dismiss Plaintiff's fourth cause of action is **GRANTED**.  Plaintiff's fourth cause of action is **DISMISSED** for failure to state a claim.  The dismissal of the fourth cause of action is with prejudice because it appears that Plaintiff cannot establish that AmeriGas is a "public utility." Plaintiff does not suggest any amendments that could cure this deficiency.[1]

**IT IS SO ORDERED.**

DATED:  June 23, 2010

Honorable Barry Ted Moskowitz
United States District Judge

---

[1] Plaintiff's objection to AmeriGas's Request for Judicial Notice is denied as moot because the Court does not rely on the documents that are the subject of the Request for Judicial Notice.